United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

ROOSEVELT WILLIAMS,
Plaintiff,

v.

CAPITAL CITY HONDA, et al.,
Defendants.

Case No. 26-cv-07640-TSH

**REPORT & RECOMMENDATION**

## I. INTRODUCTION

On July 23, 2026, Plaintiff Roosevelt Williams initiated this lawsuit by filing a complaint (ECF No. 1) and application to proceed in forma pauperis (ECF No. 2). Plaintiff names as defendants El Cerrito Honda, Capital City Honda, and Right Motors LLC, alleging claims for violations of the California Vehicle Code and California Civil Code. Compl., ECF No. 1. As Plaintiff does not plead any federal claims, and he lists California addresses for both him and all named defendants, on July 27, 2026, the Court ordered him to show cause why this case should not be dismissed for lack of jurisdiction. ECF No. 6. The Court directed Plaintiff to file a written response by August 10, 2026, warning that "[f]ailure to do so will likely result in dismissal of this action for lack of subject matter jurisdiction."

On August 6, 2026, Plaintiff filed a response, stating: "I am requesting that the U.S. Marshall's [sic] send my paper work. I have no money home or resources to have this done." ECF No. 7. Plaintiff has otherwise failed to respond to the show cause order.

For the reasons stated below, the Court finds this case should be dismissed for lack of jurisdiction. As not all parties have consented to magistrate judge jurisdiction pursuant to 28

U.S.C. § 636(c), the undersigned requests this case be reassigned to a district judge for disposition, with the recommendation that the Court **DISMISS** this case **WITHOUT PREJUDICE** for lack of subject matter jurisdiction.

## II. LEGAL STANDARD

"Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). As such, they "have an independent obligation to ensure that they do not exceed the scope of their jurisdiction." *Henderson ex rel. Henderson v. Shinseki*, 562 U.S. 428, 434 (2011); *see Valdez v. Allstate Ins. Co.*, 372 F.3d 1115, 1116 (9th Cir. 2004) (noting that district courts are "obligated to consider sua sponte whether [they] have subject matter jurisdiction"); *Leeson v. Transamerica Disability Income Plan*, 671 F.3d 969, 975 n.12 (9th Cir. 2012) ("Subject matter jurisdiction can never be forfeited or waived and federal courts have a continuing independent obligation to determine whether subject-matter jurisdiction exists.") (cleaned up).

There are two bases for federal subject matter jurisdiction: (1) federal question jurisdiction under 28 U.S.C. § 1331 and (2) diversity jurisdiction under 28 U.S.C. § 1332. A district court has federal question jurisdiction in "all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. A cause of action "arises under federal law only when the plaintiff's well-pleaded complaint raises issues of federal law." *Hansen v. Blue Cross of Cal.*, 891 F.2d 1384, 1386 (9th Cir. 1989). A district court has diversity jurisdiction "where the matter in controversy exceeds the sum or value of $75,000, . . . and is between citizens of different states, or citizens of a State and citizens or subjects of a foreign state . . . ." 28 U.S.C. § 1332(a)(1)-(2).

## III. DISCUSSION

Plaintiff does not plead any federal claims. Although he asserts federal question jurisdiction exists based on an alleged "invasion of privacy to practice [his] religious beliefs," his complaint pleads only claims arising under California law. Nor has Plaintiff established diversity jurisdiction, as the complaint provides California addresses for Plaintiff and each named defendant and contains no allegations demonstrating complete diversity of citizenship. The Court afforded Plaintiff an opportunity to establish a basis for subject matter jurisdiction, but he failed to do so.

Accordingly, the Court finds that this action should be dismissed for lack of subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").

## IV. CONCLUSION

For the reasons stated above, the Court finds this case should be dismissed for lack of jurisdiction. As not all parties have consented to magistrate judge jurisdiction pursuant to 28 U.S.C. § 636(c), the undersigned requests this case be reassigned to a district judge for disposition, with the recommendation that the Court **DISMISS** this case **WITHOUT PREJUDICE** for lack of subject matter jurisdiction. The undersigned further recommends Plaintiff's application to proceed in forma pauperis (ECF No. 2) be **DENIED AS MOOT**.

Pursuant to Federal Rule of Civil Procedure 72, any party may serve and file objections to this Report and Recommendation within 14 days after being served. Failure to file objections within the specified time may waive the right to appeal the district court's order.

The Court again encourages Plaintiff to seek assistance from the Federal Pro Bono Project, a free service offered by the Justice & Diversity Center of the Bar Association of San Francisco. You may request an appointment by emailing fedpro@sfbar.org or calling 415-782-8982. At the Federal Pro Bono Project, you will be able to speak with an attorney who may be able to provide basic legal help but not representation. More information is available at https://www.cand.uscourts.gov/pro-se-litigants/. Plaintiff may also wish to obtain a copy of this District's *Handbook for Litigants Without a Lawyer*, which provides instructions on how to proceed at every stage of your case. The handbook is available in person at the Clerk's Office and online at: https://www.cand.uscourts.gov/pro-se-litigants/.

**IT IS SO RECOMMENDED.**

Dated: August 17, 2026

THOMAS S. HIXSON
United States Magistrate Judge